RAST *v.* GERMANIA LOAN AND BANKING COMPANY.

LITTLE, J.  The petition, with or without the offered amendment, set out no
cause of action against the defendant; and the trial judge did not err in
refusing to allow the amendment, or in dismissing the petition.
  *Judgment affirmed.  All the Justices concurring, except Lewis, J., absent.*

Submitted May 1,— Decided July 19, 1902.

Complaint.  Before Judge Lumpkin.  Fulton superior court.
October 28, 1901.

A contract was entered into on April 11, 1900, between the
parties to this action, whereby the defendant company agreed to
sell to the plaintiff a described city lot, and to furnish the money
to build a house as per specifications made between the plaintiff
and J. L. Denton, contractor, for $2,400, payable $300 cash and
$30 monthly, the deferred payments being represented by promis-
sory notes.  It was further agreed, in consideration of the small
payments and long time allowed, that, should the plaintiff fail to
pay two successive notes at the time specified, the defendant should
have the right to take possession of the premises after thirty days
notice to the plaintiff, who should relinquish all claims to the
premises under this contract, and all sums paid by her should go
as rent for the premises; but should she make all the payments as
herein specified, then the defendant should execute to her, or as-
signs, a good and sufficient title to the land.  Further, that when
the plaintiff should have paid $800 in pursuance of this agreement,
the defendant would execute a bond for title to said lot.  She was
authorized to take immediate possession of the premises, and agreed
to pay all taxes and insurance thereon.

On August 10, 1900, the plaintiff sued the defendant for $410,
as the amount of money she had paid to it and as held by it with-
out consideration to her and for her use; making the following alle-
gations: The only party, at the beginning of this transaction, with
whom she had any relations was the defendant, and she understood,
and so alleges, that it was to sell her the property and build her a
house according to certain specifications to which she agreed.  The
specifications contained nothing, as she understands them, except
the description of the house, the material to be used, the manner
of construction, the sewer connection, and everything in relation to

the kind of house and the appointments and connections that were to be made. The specifications contained nothing as to the price, and nothing as to the time or manner of payments, made no obligations whatever on her part to the alleged contractor named in the specifications; and it was the purpose of the defendant that she should have no title to the land or the house until the purchase-money of both had been paid, and should incur no obligation that should be chargeable either upon the real estate or the improvements thereon. The only party to whom she owed any obligation in the entire transaction was the defendant, which undertook to build the house according to the specifications before referred to; and not having done so, it is liable to her for money had and received and for whatever amounts she has paid to it. She has paid it $410, and the house has not been built and can not be built according to the specifications, the alleged contractor and the defendant itself admitting that the house has not been completed according to the specifications, and the time in which it was to have been completed has long since passed. She insists upon her strict and legal rights as to the building of the house ; and inasmuch as the defendant, its agents, the alleged contractor, Denton, and the South Georgia Lumber Company, defendant's security, have admitted that they did not build the house according to the contract, she declares that the contract between her and the defendant is violated, and that there is no longer any obligation upon her to accept the premises, inasmuch as the defendant did not and can not comply with the contract made with her, either in completion of the house within the time or in details of its construction; and she has the right and does declare that she will not, at this time, accept the premises, as all of the work of the defendant done upon the house is entirely unsatisfactory to her, and she elects to sue for the money she has paid to the defendant. She has never gone into possession of the house; it has never been offered to her as completed; and she now declines to accept it or to have anything further to do with the defendant about it.

The defendant moved to dismiss the action, for want of a cause alleged; and the plaintiff offered to amend her petition by attaching the agreement with J. L. Denton, contractor, and the South Georgia Lumber Company, to build a house for plaintiff, "the same as specified in the contract attached to the original declaration ;" the

plaintiff alleging that the true intent and meaning of the original contract and the one here exhibited was, that the defendant was to build the house; and further alleging that the contract is ambiguous, and asking to explain it by writings and circumstances occurring at the same time.    The agreement referred to is in the form of a letter from Denton to the defendant, dated April 12, 1900, proposing to build a house as per specifications made with the plaintiff, for $1,165, "same to be completed in 45 days if weather will permit, or as soon as possible; house to be commenced at once, payments to be made as work progresses; house to be as well finished as 515 Loyd st."    Below this was written a guaranty of completion of the above contract, in consideration of payment of contract price being made to the South Georgia Lumber Co., signed by that company.    Also, a receipt signed by that company for $375 on the contract, dated April 28, 1900.

The amendment was not allowed, and the action was dismissed.

*Frank A. Arnold,* for plaintiff.
*Goodwin, Anderson & Hallman,* for defendant.